IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONTE DEMOND STONE. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-2494-D (BT) |
| | § | |
| BRANDON BIRMINGHAM, et al. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Leonte Demond Stone, a Texas prisoner, filed a *pro se* civil action under 42 U.S.C. § 1983. (*See* ECF No. 3.) The Court granted Stone leave to proceed *in forma pauperis* and withheld service pending judicial screening. (ECF No. 8). Having screened the complaint, the undersigned now recommends that the Court dismiss this action under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)B)(i) as frivolous.

**Background**

Stone's complaint is meandering and, at times, incomprehensible. Besides a few references to an underlying criminal proceeding, his allegations are seemingly random. He references the Uniform Commercial Code and other principles of commercial law typically associated with the "sovereign citizen" theory of relief, which is explained below. He claims that the complaint presents his "affidavit of truth" and that no one can "abrogate"

1

an affidavit of truth; instead "only a party affected by an affidavit can speak and act for him/her and is solely responsible with his own affidavit of correct-Facts and an affidavit of truth which no one can else can do for him/her." (ECF No. 3 at 4.) He also discusses a series of random legal principles and references a bevy of federal statutes without making any real attempt to tie them to his complaint. (*See generally id.*)

He does include some allegations concerning criminal proceedings from 2018 in which he pleaded guilty to aggravated assault with a deadly weapon and simple murder, receiving five and twenty-eight years' imprisonment respectively and concurrently. (*See id.* at 6.) As to those convictions—which he does not allege have been overturned—Stone claims that his attorney coerced him into accepting the State's plea agreement. (*See id.* at 6.) Specifically, Stone's attorney told him that the State would seek life imprisonment or the death penalty if Stone did not take the plea agreement. (*See id.*) And although unclear, it appears that Stone is also alleging that his attorney; the District Attorney; the trial judge, Brandon Birmingham; Dallas County Clerk Felicia Pitre; "staff of the 292nd Judicial District [Court], Dallas County"; and the Dallas Police Department conspired together to "commit fraud" against him, presumably by obtaining his criminal conviction. (*See id.* at 6,8.) He seeks $37,750,000.00 in monetary damages for the alleged violation of various federal statutes. (*Id.* at 14-15.)

2

## Legal Standards

Stone's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. that section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915(A)(a) and (b).

And under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

3

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Regarding frivolity, a case is not frivolous simply because it fails to state a claim. *Neitzke v. Williams*, 490 U.S. 319, 331 (1989). But if the claim has no arguable basis in law or fact, the complaint can be dismissed under § 1915(e). *Henry v. Kerr Cnty., Texas*, 2016 WL 2344231, at *4 (W.D. Tex. May 2, 2016) (collecting cases). A complaint is legally frivolous if it is premised on an "undisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. "An *in forma pauperis* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under § 1915(e)." *Henry*, 2016 WL 2344231, at *4 (citing *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Gartrell v. Gaylor*, 981 F.2d 254, 259 (5th Cir. 1993)).

And "[a]lthough pleadings filed *pro se* are generally held to less stringent standards than those drafted by lawyers, *pro se* litigants must still reasonably comply with procedural rules." *Miller v. Lowe's Home Ctrs. Inc.*, 184 F. App'x 386, 389 (5th Cir. 2006) (per curiam) (citing *Grant v. Cuellar*, 59 F.3d 523, 524-25 (5th Cir. 1995)).

**Analysis**

1.  <u>To the extent premised upon a "sovereign citizen" theory, Stone's complaint is frivolous.</u>

As noted, Stone's complaint contains allegations consistent with the "sovereign citizen" theory of relief. "So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens." *Mack v. Sweet*, 2017 WL 6756667, at *3-4 (N.D. Tex. Dec. 4, 2017), *rec. accepted* 2017 WL 6729630 (N.D. Tex. Dec. 28, 2017) (citing *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011)). "They claim as grounds for this belief: the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses." *Mack*, 2017 6756667, at *3 (citing *Mason v. Anderson*, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016)). "Sovereign citizens often attempt to use these beliefs to . . . 'derail criminal proceedings.'" *Westfall v. Davis*, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018), *rec. accepted* 2018 WL 2414794 (N.D. Tex. May 29, 2018) (citation omitted). But sovereign citizen legal arguments and theories "are not valid in the courts of the United States" and have been overwhelmingly rejected for years as frivolous and "indisputably meritless." *Mack*, 2017 WL 6756667, at *3-4; *see also Watson v. Tex. State Univ.*, 829 F. App'x 686, 686 (5th Cir. 2020) (per curiam). Further, claims "that seem to derive from the so-called 'sovereign[-]citizen movement' are legally frivolous." *Davis v. FNU LNU*, 2021 WL 3353969, at

5

\*7 (N.D. Tex. July 13, 2021) (internal quotations omitted) (quoting *Westfall*, 2018 WL 2422058, at \*2 (noting that "[s]overeign-citizen legal arguments . . . are indisputably meritless")); *Hughes v. Shannon*, 2021 WL 1093110, at \*5 (N.D. Tex. Mar. 2, 2016), *rec. accepted* 2021 WL 1088440 (N.D. Tex. Mar. 22, 2021); *see also United States v. Weast*, 811 F.3d 743, 746, n.5 (5th Cir. 2016). "It is common for sovereign citizens to utilize particular frivolous theories." *Mack*, 2017 WL 6756667, at \*3. However, "these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse." *Id.* (citing *Mason*, 2016 WL 4398680, at \*2). Consequently, courts routinely dismiss sovereign citizen claims as frivolous and without merit. *Davis*, 2021 WL 3353969, at \*7; *Westfall*, 2018 WL 2422059, at \*2; *see also Berman v. Stephens*, 2015 WL 3622694, at \*2 (N.D. Tex. June 10, 2015) (collecting cases).

Here, for example, Stone references the "unchanged principles of commercial law," subrogation principles, the concepts of "remedy and recourse" as found in the UCC, the fact that his "tax I.D." does not exist, the filing of commercial liens against Defendants if his criminal matters are not reopened, and a supposed commercial contract between himself and Defendants. (*See* ECF No. 3 at 1, 8, 12.) He also discusses seemingly random commercial law principles applicable to liens. (*See id.* at 13.) These allegations are typical of the sovereign citizen theory of relief. *See Mack*,

2017 WL 6756667, at *3 (noting, for example, that "[s]overeign citizens assert that they can file commercial liens against public officials for their grievances, but courts have rejected these claims for years") (citing *West v. Enns*, 2017 WL 2313469, at *3 (N.D. Tex. Apr. 27, 2017), *rec. accepted* 2017 WL 2313866 (N.D. Tex. May 26, 2017.) Thus, to the extent premised upon the "sovereign citizen" theory, Stone's complaint may be dismissed with prejudice as meritless and frivolous.

2. <u>*Heck* bars Stone's allegations of attorney coercion and conspiracy.</u>

The only substantive allegations that Stone presents are that his defense attorney coerced him into taking the State's plea deal and that a myriad of actors—including his defense attorney; the prosecutor; Judge Brandon Birmingham; County Clerk Felicia Pitre; "staff of the 292nd Judicial District [Court], Dallas County"; and the Dallas Police Department—conspired to secure his criminal conviction. These claims, though, are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

7

*Id.* at 486-87.

Stone has not alleged that his sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. . ." *Id.* at 487.[1] Thus, if Stone's claims would necessarily imply the invalidity of his sentence, they are not cognizable in this Section 1983 action until that sentence is overturned. *See Heck*, 512 U.S. at 486.

Here, finding in Stone's favor as to his attorney-coercion and conspiracy-to-convict claims would necessarily imply the invalidity of the sentence, so the *Heck* bar applies. *See, e.g., Ivie v. Thompson*, 2016 WL 6905954, at *4 (N.D. Tex. Nov. 22, 2016) ("A ruling in favor of Plaintiff's multiple claims that the defendants engaged in a conspiracy to violate his rights, that counsel provided constitutionally ineffective assistance, the prosecutor engaged in prosecutorial misconduct, and that the court reporter altered his trial transcript for the appeal, would necessarily imply the invalidity of his conviction.") (citing *Boyd v. Biggers*, 31 F.3d 279, 282-83 (5th Cir. 1994) (finding that *Heck* barred ineffective-assistance-of-counsel and withholding-exculpatory-evidence claims); *Shaw v. Harris*, 116 F.

---

[1] Indeed, Stone is still in TDCJ custody for his 2018 convictions. https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=08180075. (Last visited October 5, 2021).

App'x 499, 500 (5th Cir. 2004) (holding that a decision granting inmate injunctive or declaratory relief on allegations of evidence tampering, ineffective assistance of counsel, and prosecutorial misconduct would necessarily imply invalidity of conviction and was thus barred by *Heck*); *Vasquez v. Dunn, et al.*, 2011 WL 5878428, at *2 (N.D. Tex. Sept. 8, 2011) (further citations omitted)); *see also Calderon v. Bandera Cnty.*, 2014 WL 6769694, at *13 (W.D. Tex. Dec. 1, 2014) ("Insofar as plaintiff argues he was coerced or tortured until he confessed and entered pleas of guilty or nolo contendere in his two state criminal cases, plaintiff's attacks upon his state criminal convictions are foreclosed by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994)..."); *Hughes v. Texas*, 2013 WL 12109881 at *1-2 (E.D. Tex. Apr. 1, 2013) (finding that *Heck* barred ineffective assistance of counsel claim that the plaintiff's attorney engaged in "coercion for an illegal plea agreement " and conspiracy claim between Sheriff, his defense attorney, and the judge to "conceal false charging information" when the plaintiff had not alleged his that conviction had been overturned), *rec. accepted*, 2013 WL 12109881 (E.D. Tex. Apr. 1, 2013); *Collins v. Louisiana*, 2009 WL 1421320, at *3 (W.D. La. May 20, 2009) (finding that *Heck* barred the plaintiff's ineffective assistance of counsel claim when the plaintiff had not alleged that his conviction had been reversed, invalidated, or expunged); *Brisco v. Grantham*, 2003 WL 21321217, at *2 (N.D. Tex. Mar. 27, 2003), *rec accepted*, 2013 WL 21517781 (N.D. Tex. Apr. 14, 2003)

9

(finding that the plaintiff's claims challenging the voluntariness of his guilty plea, the ineffectiveness of his trial counsel, and a conspiracy between the plaintiff's attorney, the district attorney and police officers would "necessarily implicate the validity of his confession . . . and inevitably affect the duration of his confinement" and were therefore barred under *Heck*, as the plaintiff did not allege his conviction had been reversed, invalidated, or expunged).

  3. <u>The Remainder of Stone's allegations are nonsensical and frivolous.</u>

Besides his allegations related to attorney coercion, fraud, and principles of commercial law, Stone also includes a variety of other observations as to the applicability of various legal principles, as well as references to statutes like the Racketeer Influenced and Corrupt Organizations Act and 42 U.S.C. §§ 1985, 1986. The following examples are merely illustrative:

- "The liberty guaranteed by the Constitution must be interpreted in the light of the common law, the principles and history of which were familiar and known to the framers of the Constitution. This liberty denotes the rights of the individual to engage in any of the common occupations of life, to locomote, and generally enjoy those rights long recognized at common law as essential to the orderly pursuit of happiness by freemen."

- "Since the 'consideration' is the 'life blood' of any agreement or quasi-agreement (contractus) '. . . the absence of such from the record is a major manifestation of want of jurisdiction, since without evidence of 'consideration,' there

> can be no persumption [sic] of even a quasi-contractus. Such is the importance of 'consideration.'"

- "'Judge acted in the face of clearly valid statutes or case law expressly depriving him of (personal) jurisdiction would be liable . . .'"

- "When the parliamentary-Court of the Claim is with the corporation-case-filing-with the joinder/unity with the fiction-civil authority's [sic] are with the fault of the violation of the Party's Rights for the grievance. For the military of the claim of the pleadings of the claim is with the control of the court when the civil-authorities fail for the claim on the pleadings of the party and for the violation of the charter-vessel-contract."

(ECF No. 3 at 7, 8, 10, 11.)

These allegations, which are typical of the many presented, lack any arguable basis in law or in fact and are accordingly frivolous. *See Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

In sum, Stone's complaint is entirely frivolous. It contains allegations premised upon the frivolous "sovereign citizen" theory, clearly-*Heck*-barred claims, and a host of other nonsensical and borderline incomprehensible allegations. The complaint should be dismissed with prejudice.

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed

11

pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. However, leave to amend is not warranted when the defects in the complaint are incurable. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). That is the case here. As discussed above, Stone's allegations are fatally infirm and leave to amend would result in unnecessary delay.

## Conclusion

The Court recommends that Stone's complaint be DISMISSED WITH PREJUDICE as frivolous pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(i).

SO RECOMMENDED

Signed October 6, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the

magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

13