IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONTE DEMOND STONE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | No. 3:20-CV-2494-D |
| | § | |
| BRANDON BIRMINGHAM, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

I

The United States Magistrate Judge has issued her findings, conclusions, and recommendation ("FCR") in this matter, recommending that *pro se* plaintiff Leonte Demond Stone's ("Stone's") complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b) and 1915(e)(2)(B)(i). After conducting *de novo* review in accordance with 28 U.S.C. § 636(b)(1), the undersigned district judge agrees that Stone's non-habeas claims against the named defendants are frivolous, and that the non-habeas claims asserted in this civil action should be dismissed with prejudice.

In Stone's objections to the magistrate judge's FCR, he requests that the court construe his complaint as asserting habeas claims rather than the ones the court is dismissing today. The court grants this request and severs Stone's 28 U.S.C. § 2254 habeas claims from the remainder of this case. It directs the clerk of court to open a new case for the habeas claims, and allows Stone to amend those claims. And it denies Stone's request to transfer his habeas petition to the court where he resides, i.e., the Eastern District of Texas.

II

Stone is a Texas prisoner convicted in 2018 in Dallas County of aggravated assault with a deadly weapon and simple murder. On August 24, 2020 he filed this civil action against defendants Brandon Birmingham ("Judge Birmingham"), a Dallas County Judge; Felicia Pitre ("Clerk Pitre"), the Dallas County District Clerk; Larissa T. Roeder; and Brad Lollar, his trial attorney during the 2018 proceedings. On October 7, 2021 the magistrate judge issued her FCR recommending that this action be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(i). The magistrate judge concluded that Stone made several allegations consistent with the discredited "sovereign citizen" theory of relief, as well as allegations concerning other legal principles and federal statutes (such as the Racketeer Influenced and Corrupt Organizations Act and 42 U.S.C. §§ 1985 and 1986) that lacked any basis in law or fact. *See* FCR at 5-7, 10-11.

The magistrate judge also noted that Stone alleged constitutional violations arising from his 2018 criminal proceedings. For example, Stone alleged that his trial attorney coerced him to take a plea deal and also conspired with the district attorney, Judge Birmingham, Clerk Pitre, the Dallas Police Department, and other staff at the trial court to commit fraud against him in relation to his criminal proceedings. In addition to money damages and the filing of criminal charges against the named defendants, Stone sought the discharge of "fraudulent" criminal charges against him and the re-opening of his criminal case. The magistrate judge construed the allegations concerning the 2018 criminal proceedings as seeking relief pursuant to 42 U.S.C. § 1983 and found that such relief was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Stone filed objections to the FCR, but the objections are more akin to a shift in position than a quarrel with the FCR. Stone asks the court to construe his complaint as an application for habeas

relief under 28 U.S.C. § 2254, to grant him leave to amend to clarify his habeas claims, to "withdraw" the FCR due to his inability in his current prison setting to view the cases cited in it and because of difficulties in accessing the prison law library, and to transfer his habeas application to the Eastern District of Texas, where he is currently incarcerated.

### III

Following *de novo* review of all materials, including the FCR and Stone's objections, the court agrees with the magistrate judge that Stone's non-habeas claims against the named defendants are frivolous and should be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The court therefore adopts the FCR and dismisses with prejudice the non-habeas claims asserted in this civil action.

### IV

The court grants Stone's request that the court construe the remainder of his complaint as a habeas application and allows him to amend those habeas claims and proceed with them. *See* Fed .R. Civ. P. 15(a)(2) (requiring that leave to amend be granted freely "when justice so requires."). The clerk of court is directed to open a new habeas action by filing a copy of this memorandum opinion and order, together with Stone's complaint, under a new civil action number. The clerk is directed to mail to Stone the court's standard 28 U.S.C. § 2254 habeas petition marked "amended petition" and bearing the civil action number assigned to the severed habeas claims. If Stone wishes to pursue his habeas claims, he must, within 60 days from the date of this memorandum opinion and order, file an amended habeas petition on the standard 28 U.S.C. § 2254 form provided by the clerk.

V

The court denies Stone's request to transfer his habeas case to the Eastern District of Texas, where he is currently incarcerated. Jurisdiction is proper in this district because Stone was convicted and sentenced by a state court located in this district. *See* 28 U.S.C. § 2241(d). The action could not have been filed originally in the Eastern District of Texas because Stone was neither convicted nor incarcerated there. *See id.* Even if a venue transfer were theoretically possible pursuant to 28 U.S.C. § 1404(a), Stone fails to explain how it is more convenient for the parties and witnesses for his habeas case to proceed in the Eastern District of Texas. *See* 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought...").

VI

In sum, the court orders as follows:

1. After *de novo* review, the court adopts the FCR. Stone's non-habeas claims against the named defendants are frivolous, and this civil action is dismissed with prejudice by separate judgment. The clerk of court is directed to close this case after severing Stone's habeas claims into a new civil action.

2. The court grants Stone's request to construe his complaint as seeking habeas relief. The court severs Stone's habeas claims from the remainder of this case and directs the clerk of court to open a new 28 U.S.C. § 2254 habeas case by filing a copy of this memorandum opinion and order, together with a copy of the complaint (ECF No. 3), under a new civil action number. The new habeas case should be assigned to the same district judge and magistrate judge as the instant case. The clerk is directed to

        mail to Stone the standard 28 U.S.C. § 2254 petition form marked "Amended Petition" and bearing the civil action number assigned to the severed habeas claims. The clerk is also directed to mail to Stone an application to proceed *in forma pauperis* and a certificate of inmate trust account. If Stone wishes to pursue his habeas claims, he must, within 60 days from the date of this memorandum opinion and order, file an amended habeas petition on the standard 28 U.S.C. § 2254 form provided by the clerk, as well as the completed *in forma pauperis* application and certificate of inmate trust account.

3.    Stone's request to transfer his habeas case to the Eastern District of Texas is denied.

**SO ORDERED**.

February 3, 2022.

 

_____
SIDNEY A. FITZWATER
SENIOR JUDGE